[File No. 6657.]

WILLIAM MARTIN, Respondent, v. F. L. ANDERS, Receiver of the Lucky Strike Coal Company, a Corporation, Appellant.

HENRY HECHT, Respondent, v. F. L. ANDERS, Receiver of the Lucky Strike Coal Company, a Corporation, Appellant.

(293 N. W. 385.)

Opinion filed August 1, 1940.

*Hanley & Hanley,* for appellant.
*F. E. McCurdy,* for respondent.

BURKE, J. Individual actions were brought by the plaintiffs to recover for wages which each claimed to be due him from the defendant. With the approval of the trial court, it was stipulated by the parties that the two actions should be consolidated for purposes of trial, that a jury be waived and that separate findings and judgment be made and entered in each action. The venue of the actions was in Mercer county. The trial was completed on September 16th, 1932, and judgments in favor of the plaintiffs were entered in both cases on May 1st, 1933, but through error of counsel such judgments were entered in Morton county. Thereafter, upon motion of the defendant, said judgments were vacated and on March 11th, 1935, judgments in said actions were entered in Mercer county in favor of the plaintiff, Martin, in the sum of $263 and costs and in favor of the plaintiff, Hecht, in the sum of $199.50 and costs. The defendant has appealed from both judgments. The appeals were argued together and but one specification of error was urged in each case. We shall dispose of the Martin Case first.

The specification in the Martin Case is that the trial of the action was never completed, that defendant had no opportunity to offer evidence in support of the allegations of his answer, that he has not had his day in court and the judgment must therefore be set aside.

As we have stated, the two actions were consolidated for purposes of trial. However, shortly after the trial had commenced, Mr. McCurdy, counsel for plaintiffs, moved to amend the complaint in the Martin

Case and the record shows the following colloquy between counsel and the trial judge:

Mr. Hanley: (counsel for defendant) "If he is going to insist upon this amendment we will have to insist upon time being granted us to meet to prepare to meet that issue."

The Court: "You would be entitled to that if you want it. The Court will allow the amendment, but I would have to give them time to prepare to meet it."

Mr. Hanley: "It will be necessary to take time . . . this matter should be postponed at least two weeks."

Mr. McCurdy: "How about the Hecht side of it? We can finish that part of it perhaps. I presume that the amendment having been allowed, we can go ahead and put in our proof."

Mr. Hanley: "Oh, no. We could not do that."

The Court: "No, I don't think you better do that."

Mr. McCurdy: "As I understand it the court wants us to stop as far as the Martin Case is concerned. As far as the Hecht Case is concerned, I know of no reason why we cannot go ahead and complete that case."

Mr. Hanley: "I don't know what the Judge wants to do. If the Court feels like he would want to take up the Hecht matter, I presume we could do that."

The Court: "As far as the Court is concerned, I am ready."

It was clearly the understanding of counsel and the trial judge that, from this point forward, only the Hecht Case was being tried. The fact of this understanding is further substantiated by subsequent remarks of counsel. Upon the court's reconvening after the first recess, Mr. Hanley stated: "Mr. McCurdy and I have come to the conclusion that it would not take over an hour to finish up the Hecht matter." At the close of the case Mr. McCurdy stated: "The plaintiff rests, as far as the Hecht Case is concerned." Months after the trial, judgment was entered in the Martin Case, upon the order of the trial court and without any notice to the defendant.

The right of a defendant to an opportunity to present his case, to establish facts which under the law would relieve him of a claimed liability or in other words, to have his day in court, is one so firmly fixed in our jurisprudence that no argument is needed to demonstrate it

or citation of authority to fortify it. In the Martin Case, it is clear that the defendant has not had his day in court. The judgment must therefore be reversed and the case remanded to the district court.

In the Hecht Case it is urged that the evidence is insufficient to sustain the trial court's finding of fact: "That the plaintiff earned in working sixty-six and one-half days the total sum of $199.50, no part of which has been paid." In his answer the defendant had alleged payment and he asserts that the finding, that no part of the sum earned by the plaintiff had been paid, is contrary to the undisputed evidence in the case. In this contention the defendant is clearly correct. The plaintiff himself testified that he worked for sixty-six and one-half days and had received $145.50 on account of wages for the labor performed. On the basis of the finding that the total sum earned by plaintiff was $199.50, the amount actually due him was the sum of $54. The judgment will be modified accordingly and as modified affirmed. Costs upon appeal will be allowed the defendant in both cases.

NUESSLE, Ch. J., and MORRIS, CHRISTIANSON, and BURR, JJ., concur.